UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK BLAKE, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § | Case No. 4:14-CV-02108 |
| | § | |
| v. | § § | |
| ARCHER DIRECTIONAL DRILLING SERVICES LLC f/k/a GREAT WHITE DIRECTIONAL SERVICES LLC, | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Archer Directional Drilling Services LLC f/k/a Great White Directional Services LLC ("Defendant") files this Answer to Plaintiff's First Amended Collective Action Complaint ("Complaint"). Defendant denies all allegations in the Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.

## I.     SUMMARY

1.     Defendant admits that Plaintiff is bringing this lawsuit under the Fair Labor Standards Act ("FLSA"), but denies that Plaintiff is entitled to any damages. Defendant also admits that Plaintiff was not paid overtime for hours worked in excess of 40 in a week and that Defendant paid Plaintiff a base salary and daily rate. Defendant denies any and all remaining allegations in this paragraph. Additionally, Defendant objects that this paragraph states legal conclusions and contains Plaintiff's description of this action as a

1

putative collective action, which Defendant is not required to admit or deny.  To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses and deny that any class or collective action treatment is appropriate.

## II.    JURISDICTION AND VENUE

2.     Defendant does not dispute this Court's jurisdiction over this matter at this time.

3.     Defendant does not dispute that venue of this action is proper in this Court at this time.

## III.    PARTIES

4.     Defendant admits that Plaintiff worked for Defendant as a Directional Driller.  Defendant admits that Plaintiff's written consent was previously filed with the Court.  Defendant admits that Plaintiff resides in the Houston, Texas area.

5.     This paragraph contains Plaintiff's definition of a proposed class.  To the extent a response is required, Defendant denies that any class or collective action treatment is appropriate and otherwise refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

6.     Defendant admits that Archer Directional Drilling Services LLC f/k/a Great White Directional Services is an Oklahoma limited liability company, headquartered in Houston, Texas.  Defendant further admits that it has appeared in this case.

## IV.    COVERAGE UNDER THE FLSA

7.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny.  To the extent further response is required, Defendant admits that it is or has been an employer under the FLSA.

8.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny.  To the extent further response is required, Defendant is without sufficient information to admit or deny whether Defendant is an "enterprise" within the meaning of the cited portions of the FLSA.

9.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny.  To the extent further response is required, Defendant is without sufficient information to admit or deny whether Defendant is an "enterprise" within the meaning of the cited portions of the FLSA.  Defendant admits that it has had an annual gross business volume of not less than $500,000.

10.     Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny.  To the extent further response is required, Defendant is without sufficient information to admit or deny the allegations in this paragraph.

## V.    FACTS

11.     Defendant admits that it performs horizontal and directional drilling services through Directional Drillers and MWD Specialists.  This paragraph also contains Plaintiff's definition of a proposed class.  To the extent a response is required, Defendant denies that any class or collective action treatment is appropriate and otherwise refers to

and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  In addition, Defendant objects that this paragraph contains legal conclusions, which it is not required to admit or deny.  Defendant denies any and all remaining allegations in this paragraph.

12.    Defendant denies all allegations in this paragraph.

13.    Defendant denies all allegations in this paragraph.

14.    Defendant denies all allegations in this paragraph.

## VI.    FLSA VIOLATIONS

15.    Defendant denies all allegations in this paragraph.

16.    Defendant denies all allegations in this paragraph.

## VII.   COLLECTIVE ACTION ALLEGATIONS

17.  Defendant is without sufficient information to admit or deny the allegations with respect to communications Plaintiff may or may not have had with other employees. Defendant denies all remaining allegations in this paragraph.

18.    Defendant admits that Directional Drillers and MWD Specialists were paid on a salary plus a day rate basis, and at times, worked in excess of 40 hours per workweek.  Defendant further admits that Directional Drillers and MWDs were not paid overtime compensation.  Defendant denies all remaining allegations in this paragraph.

19.    Defendant denies all allegations in this paragraph.

20.    Defendant denies all allegations in this paragraph.

## VIII.  JURY DEMAND

21.    Defendant admits that Plaintiff has made a jury demand.

## IX.    RELIEF SOUGHT

22(a). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(b). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(c). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(d). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(e). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(f). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

## X.    AFFIRMATIVE DEFENSES

1.      Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and further would

violate Defendant's due process rights. Plaintiff cannot meet the prerequisites for collective or class certification.[1] Plaintiff is not a proper class representative and lacks standing.

2.      With respect to Plaintiff and some or all potential class members, and depending on the scope of the putative class, Defendant acted in good faith, with the reasonable belief that it complied with the law. Moreover, Defendant did not willfully deprive Plaintiff or some or all potential class members of any due compensation.

3.      Subject to further discovery, Defendant has acted in good faith and in reliance on a regulation, ruling, approval and/or interpretation of the Department of Labor.

4.      Depending on the scope of the putative class, Plaintiff and some or all potential class members were paid all compensation to which they were entitled under the FLSA.

5.      Depending on the scope of the putative class, claims of Plaintiff and some or all potential class members are barred by limitations.

6.      Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

7.      Depending on the scope of the putative class, Plaintiff and some or all of the potential class members are not entitled to liquidated damages.

---

[1]      Although Defendant has agreed to conditional certification of a class, it has preserved all defenses relating to collective action certification and reserves the right to argue that this matter should be de-certified and that it cannot and should not be tried on a representative basis.

8.      Depending on the scope of the putative class, as to Plaintiff and some or all potential class members, the amount of any unpaid overtime was de minimis.

9.      Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

10.     Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

11.     Depending on the scope of Plaintiff's putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

12.     Plaintiff meets one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, Administrative exemption, and Executive exemption.  Depending on the scope of the putative class, some or all potential class members meet those and possibly other white-collar exemptions.

13.     Some or all of Plaintiff's and potential class members' claims/damages, if any, are subject to offset.

14.     Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

Defendant reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery.  Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

Respectfully submitted,

_____ /s/ Michael J. Muskat _____
Michael J. Muskat
Attorney-in-Charge
State Bar No. 24002668
Federal I.D. No. 22816
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854
Email:  MMuskat@m3law.com

**ATTORNEYS FOR DEFENDANT
ARCHER        DIRECTIONAL        DRILLING
SERVICES   LLC   F/K/A   GREAT   WHITE
DIRECTIONAL SERVICES LLC**

OF COUNSEL:
Mary Michelle Mahony
State Bar No. 24002516
Gabrielle S. Moses
State Bar No. 24063878
Dorian B. Taibel
State Bar No. 24057076
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854
Email:  mmahony@m3law.com
Email:  gmoses@m3law.com
Email:  dtaibel@m3law.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 7, 2014, a true and correct copy of the foregoing document has been served on Plaintiff's counsel of record via the Electronic Case Filing system.


_/s/ Michael J. Muskat_
MICHAEL J. MUSKAT